by his agent is sufficiently verified even though complainant's verification was, in compliance with an order of court, attached to the bill after it was filed.

2. APPEAL AND ERROR, § 432*—*when objection as to verification and signing of bill may not be raised.* The objection that a bill of complaint was unsigned when verified by complainant's agent and when verified by complainant, the latter verification being attached in accordance with an order of court, after the bill was filed, will not avail where the signature of complainant appears on the bill and it does not appear from the abstract of the record that any objection was made on this ground in the trial court and there is nothing to show when the bill was signed, other than the order to attach the verification.

3. RECEIVERS, § 10*—*what is effect of sworn answer denying allegations of bill on right to appoint.* That the sworn answer filed to a creditor's bill which seeks a discovery of the assets and property of a defendant denies definitely all the material allegations of fact of the bill does not render the court powerless to enter an interlocutory order appointing a receiver to take possession of defendant's exempt assets pending the determination of the issues by the master and the court and require that it dismiss the bill.

4. RECEIVERS, § 12*—*when right to act becomes complete.* Where the bonds of a receiver and of the complainant required by the interlocutory order appointing the receiver are filed, the receiver's right to act becomes complete even though the complainant's bond is not approved until after the approval of the receiver's bond.

---

## Edward Steer, Appellee, v. Julius Oppenheimer, trading as J. Oppenheimer & Company, Appellant.

### Gen. No. 23,997.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed June 10, 1918. Rehearing denied June 24, 1918.

### Statement of the Case.

Action by Edward Steer, plaintiff, against Julius Oppenheimer, trading as J. Oppenheimer & Company,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant, to recover rent for the use of premises. From a judgment for plaintiff for $489.06, defendant appeals.

LEE J. FRANK and MARY LEE COLBERT, for appellant.

BROWN, BROWN & BROWN, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 456*—*what constitutes use of premises by tenant.* In an action to recover rent, the occupation of the premises by leaving therein articles which, while not defendant's property, had been loaned to him by the owners, *held* to be a use of the premises for his benefit.

2. LANDLORD AND TENANT, § 456*—*when occupancy of premises shown.* In an action for the rent of premises, where the defense is that the premises had been abandoned, evidence that defendant sublet the premises after the date of the alleged abandonment and received the rental therefor is sufficient to show his occupancy.

3. LANDLORD AND TENANT, § 323*—*when exclusion of deed to show transfer of premises to owner by tenant proper.* In an action for rent, evidence *held* insufficient to show that defendant had surrendered possession to the owner of the fee, and the exclusion of a deed claimed to show the transfer to such alleged owner *held* proper.

4. INTEREST, § 23*—*when allowed for delay.* In an action for rent where it appears that the refusal to pay was for the sole purpose of delaying or defeating a just claim, plaintiff will be allowed interest on his claim.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.